# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERRICK AVERY,

        Plaintiff,

v.                                                  Case No. 10-CV-127

CITY OF KENOSHA,
KENOSHA COUNTY DETENTION CENTER,
KENOSHA COUNTY SHERIFF'S DEPARTMENT,
SGT. R. FREEMAN, and DENISE JARVELLA,

        Defendants.

## ORDER

The plaintiff, who is incarcerated at the Kenosha County Detention Center (KCDC), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the three-month period immediately preceding the filing of his complaint, and has been assessed and paid an initial partial filing fee of $27.15. *See* 28 U.S.C. § 1915(a)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the

prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.

at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Avery, an inmate at the KCDC, alleges that on September 25, 2009, his legal and personal mail was ordered to be copied and left unsealed, despite KCDC policy

that all inmate mail is allowed to be sealed. After Avery complained, defendant Sgt. Freeman informed him that he had authority to reject, accept, intercept, copy, and open the plaintiff's attorney-client privileged mail. Shortly thereafter, Avery stopped receiving his legal mail. In one instance, a letter was returned to Magistrate Judge Aaron Goodstein with a stamp from KCDC that the plaintiff was not at that facility. Defendant Corporal Jarvella told Avery that "the directive set against my legal mail is being implemented." On October 15, 2009, Officer Moon informed Avery that there was a memo on the directive, other KCDC officers corroborated. On January 5, 2010, Magistrate Judge Goodstein ordered an investigation, "but to no avail."

Avery claims that the defendants' actions violated his constitutional rights. For relief, he seeks compensatory and punitive damages.

The complaint allegations implicate Avery's rights under the First Amendment, for it is well established that prisoners have a First Amendment right to be free from certain interference with their "legal" mail. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84 (1987); *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). When a prison receives a letter addressed to an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *Kaufman*, 419 F.3d at 686.

Avery also appears to advance an access to the courts claim. An inmate will not have a valid access to the courts claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or

-4-

conditions of confinement. *Howard v. Webster*, 339 Fed. Appx. 616, 618 (7th Cir. 2009) (unpublished) (citing *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009)). The plaintiff must, therefore, "spell out in his complaint the connection between the alleged denial of access to the courts and the actual, nonfrivolous injury." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 414 (2002)). Although presumably Avery alleges that interference with his legal mail denied him access to the courts, he has not indicated how such interference prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement.[1] Thus, he does not state an access to the courts claim.

The court finds that Avery may proceed on a First Amendment interference with legal mail claim. However, defendants Kenosha County Detention Center and Kenosha County Sheriff's Department will be dismissed because they are not suable entities. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)); *see also Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (citing cases).

## ADDITIONAL MATTERS

Avery has filed a motion to amend the complaint stating that he seeks to add three defendants who were personally involved in the complaint allegations. However, he has not included a proposed amended complaint as required by the

---

[1] Avery is a defendant in *United States v. Avery, et al.*, Case Number 09-CR-196 (E.D. Wis.), currently pending before United State District Judge Lynn Adelman. He is represented by counsel in that case.

Local Rules. *See* Civil L.R. 15(a), (b) (E.D. Wis.).[2] Thus, the motion will be denied without prejudice.

Avery has also filed a motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Avery asserts that he has attempted to find an attorney on his own but has not included any details of his efforts. He should inform the court of the attorneys he has

---

[2] The Civil Local Rules provide in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15 (E.D. Wis.).

contacted. In addition, Avery has been allowed to proceed on one, narrow claim, and his filings thus far reveal that he is competent to litigate on his own at time.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Kenosha County Detention Center and Kenosha County Sheriff's Department be and the same are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #5) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #6) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from the plaintiff's prison trust account the $322.85 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge